**Wayne SLOAN, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 95–88C.**

United States Court of Federal Claims.

July 26, 1996.

164

William Tagupa, Honolulu, Hawaii, for plaintiff.

Steven J. Abelson, with whom were Kirk Manhardt, Assistant Director, David M. Cohen, Director, Commercial Litigation Branch, Civil Division, and Frank W. Hunger, Assistant Attorney General, Department of Justice, Washington, D.C., for defendant. Carolyn J. Lynch of the Office of the Chief Counsel, U.S. Army Corps of Engineers was of counsel.

## OPINION

SMITH, Chief Judge.

This case is before the court on defendant's motion to dismiss. Plaintiff contends his termination from the Corps of Engineers was an involuntary separation qualifying him for severance pay under 5 U.S.C. § 5595. Defendant has filed a motion to dismiss under RCFC 12(b)(4) for failure to state a claim upon which relief can be granted. After careful consideration of the briefs, oral argument, and the relevant law, the court hereby GRANTS defendant's Motion to Dismiss.

### FACTS

Plaintiff Wayne Sloan lived and worked in Japan as an Electronics Technician with the United States Army Corps of Engineers, Japan Engineering District, Camp Zama, Japan, from July 27, 1988 until July 26, 1993. Plaintiff initially received an Overseas Limited Appointment (OLA) as an Electronics Technician at grade GS–0856–05. Following a one-year trial period, plaintiff was retained in his appointment at the GS–5 level.

Between his initial appointment and April of 1991, plaintiff was promoted to GS–6. In April 1991, plaintiff received a second promotion to grade GS–7 and was notified that he would no longer be exempt from the Five Years Overseas Rotation Program after completing 24 months under his appointment. As a result, plaintiff's time served in his

appointment to that point—2 years, 8 months, and 10 days—counted toward the five year limit, making his termination date July 26, 1993.

In January 1993, following a review of plaintiff's file, the Corps determined that plaintiff's original appointment and promotion were approved under improper legal authority. The Corps sought and received authority from the Office of Personnel Management (OPM) to retroactively promote plaintiff and correct his file by changing his original appointing authority to 5 C.F.R. § 301.201 from 301.203(c).[1] Subsequent to OPM's corrections, plaintiff's initial appointment was as an OLA for indefinite status (following his one-year trial) at grade GS–5. Further, his promotion to GS–7 was reclassified as a conversion to overseas limited appointment not to exceed (NTE) July 26, 1993, under an exception to the Military Pay Procedures.

Plaintiff's original complaint contained a claim under the Back Pay Act. In his brief, and at oral argument on defendant's motion to dismiss, plaintiff conceded that pursuant to the findings of the Merit Systems Protection Board (MSPB) in a suit filed under separate cover by plaintiff,[2] the back pay claim was moot and the only issue remaining was whether plaintiff was entitled to severance pay.

## DISCUSSION

### I. JURISDICTION

This court has subject matter jurisdiction under the Tucker Act for any claim against the United States for money damages. The Tucker Act, however, is jurisdictional only, and "does not create any substantive right enforceable against the United States for money damages." *United States v. Testan,* 424 U.S. 392, 398, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976). Under the Tucker Act, plaintiff must allege a claim for damages due to government action under an

express or implied contract, or a money mandating statutory or constitutional provision to establish jurisdiction in this court. *Allred v. United States,* 33 Fed.Cl. 349, 353 (1995) *appeal dismissed* 78 F.3d 602 (Fed.Cir.1996); *Ewing v. United States,* 36 Fed.Cl. 159 (1996). Plaintiff asserts his claim for monetary damages under the Severance Pay Act, 5 U.S.C. § 5595 which has been held to be a money mandating statute. *Bell v. United States,* 23 Cl.Ct. 73, 76 (1991).

In *United States v. Fausto* the Supreme Court held "that under the CSRA [Civil Service Reform Act], the Claims Court ... is not an 'appropriate authority' to review an agency's personnel determination." 484 U.S. 439, 454, 108 S.Ct. 668, 677, 98 L.Ed.2d 830 (1988) *reh'g denied* 485 U.S. 972, 108 S.Ct. 1250, 99 L.Ed.2d 448 (1988). This court does, however, have jurisdiction to entertain claims under the Severance Pay Act so long as the court is "not called upon to correct an adverse personnel action.... The Claims Court is an appropriate forum to interpret and apply regulations in connection with severance pay claims." *Bell,* 23 Cl.Ct. at 77. Thus, this court has jurisdiction to hear plaintiff's claim for severance pay.

### II. FAILURE TO STATE A CLAIM, RCFC 12(b)(4)

Defendant asserts that plaintiff is not entitled to severance pay under 5 U.S.C. § 5595, and thus fails to state a claim upon which relief can be granted under RCFC 12(b)(4). Plaintiff responds that he is eligible for severance pay due to his corrected appointment authority which changed his elevation to GS–7 from a "promotion" to a "conversion" thereby bringing him within the statute.

Prior to the dismissal of a claim under 12(b)(4), the complaint must fail to assert any set of facts which would entitle the plaintiff to recovery. See, e.g., *Heim v.*

---

1. 5 C.F.R. § 301.201 is the general authority for making overseas limited appointments to United States citizens abroad. 5 C.F.R. § 301.203(c), plaintiff's original appointing authority, only allows an agency to make an OLA for one year or less to meet temporary employment needs.

2. *Sloan v. Department of Army,* Docket No. Se–3443–95–0270–I–1 (M.S.P.B. Aug. 22, 1995), aff'd 68 M.S.P.R. 631.

*United States,* 22 Cl.Ct. 341, 344, aff'd, 949 F.2d 403 (Fed.Cir.1991). Further, all facts must be assumed as true and viewed in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *White Mountain Apache Tribe v. United States,* 8 Cl.Ct. 677, 681 (1985). If no facts exist upon which plaintiff could prevail, then the court should dismiss the claim on its merits. *Alonge v. United States,* 30 Fed.Cl. 519, 520 (1994) *aff'd,* 45 F.3d 444 (Fed.Cir.1995) (citing *Mostowy v. United States,* 966 F.2d 668, 672 (Fed.Cir.1992)).

■ At the time of plaintiff's employment, Department of Defense Regulations (DODR) required that all OLA employees, regardless of their grade were subject to a five year term limitation on their employment. DODR 1400.25–M, ¶ 4–2.a(1), d.(1). Employees at the grade of GS–6 or below were exempt from the five year limit, provided the employee remained employed at that level. Id. at ¶ 4.2.2.(e).4. If an employee was promoted to grade GS–7 or above, the employee became subject to the five year term limitation, with their five year starting date retroactive to their initial appointment. Id. at ¶ 4–2.a.(2).

Plaintiff asserts that he is entitled to severance pay under section § 5595(a)(2)(B)(ii) of the Severance Pay Act as "an employee serving under an appointment with a definite time limitation, except one so appointed for full-time employment without a break in service of more than 3 days following service under an appointment without time limitation." 5 U.S.C. § 5595(a)(2)(B)(ii). Plaintiff contends that his initial appointment and promotion to GS–6 were subject to the 5 year limitation, but that his "conversion" to GS–7 was a new full-time appointment without a break in service, resetting the clock on his five year limit and thereby qualifying him under the statute.

In support of this contention, plaintiff relies on the definition of "conversion" contained in the Federal Policy Manual Supplement 296–33 as "the changing of an employee from one appointment to another appointment in the same agency without a break in service of more than 3 calendar days." FPM

Supp. 296–33. Plaintiff's argument is premised upon the use of the word "conversion" on his corrected Standard Form 50 (SP–50). Plaintiff's argument is premised upon a narrow definition of the word "conversion" in the Corps' correction of his appointing authority. While that term does have a specific meaning in the context of federal hiring, as defined in the Federal Personnel Manual, in this instance, the court is constrained from subjecting the word to the narrow definition plaintiff seeks. To do as plaintiff pleads would force this court to make a decision as to plaintiff's personnel status; a choice which the court cannot make. *Fausto* 484 U.S. at 454, 108 S.Ct. at 677.

In the alternative, plaintiff argues that the definition used in the FPM is not a question of fact but a matter of law, and the word should be read as defined in the FPM. Unfortunately, the matter is not as simple as plaintiff contends. Even if this court was to read "conversion" using plaintiff's definition from the FPM, such a reading would directly contradict his final personnel status, and the findings of the Merit Systems Protection Board. *See infra.* Thus to use plaintiff's argument this court would, after travelling full circle, again be faced with deciding plaintiff's personnel status to resolve the dispute. Thus, neither of plaintiff's arguments on the definition of "conversion" change plaintiff's legal position. To decide that plaintiff's employment status was anything but a term employee (his final designation by the Corps), would require this court to disregard *Fausto's* admonition that this court is not an "appropriate authority" to review plaintiff's personnel status. 484 U.S. at 454, 108 S.Ct. at 677.

Whatever the possible merits of plaintiff's claim, the Supreme Court made clear in *Fausto* "the primacy of the MSPB for administrative resolution of disputes over adverse personnel actions, ... and the primacy of the United States Court of Appeals for the Federal Circuit for judicial review." *Id.* at 449, 108 S.Ct. at 674. Thus, this court's role is constrained to the task of determining if plaintiff, as a term employee, qualifies for severance pay under 5 U.S.C. § 5595.

The Severance Pay Act does not encompass all federal employees. It specifically excludes various employees under § 5595(a)(2)(B)(i-viii). Plaintiff's corrected appointment was as an Overseas Limited Appointment NTE July 26, 1993. Section 5595(a)(2)(B)(ii) of the Severance Pay Act specifically excludes from coverage "an employee serving under an appointment with a definite time limitation." 5 U.S.C. § 5595(a)(2)(B)(ii). Thus by the plain words of the statute he is not entitled to severance pay. *Id.* To draw any other conclusion would require this court to violate *Fausto* and make a determination of plaintiff's employment status. 484 U.S. at 454, 108 S.Ct. at 677. Further, the policy reasons for the one exception to the Severance Pay Act's exclusion of term employees (section 5595(a)(2)(B)(ii) allowing severance pay to term employees directly converted from indefinite employment) clearly does not apply here. That provision protects against the loss of severance pay due to an expedient conversion to term employment from indefinite employment. That was not the case here, where plaintiff's initial employment was subject to a 5 year limitation if plaintiff exceeded grade GS–6.

Furthermore, the Merit Systems Protection Board concluded in dismissing plaintiff's claim that, "the appellant's appointment, while initially indefinite in duration, was always subject to conversion to a term appointment upon promotion to grade GS–7. Thus, I [the Administrative Law Judge] find that his conversion and eventual termination was a condition of his initial appointment." Army at 5. Pursuant to the 1982 amendments to the Civil Service Reform Act, the Court of Appeals for the Federal Circuit supplanted this court as the appropriate authority for reviewing MSPB final decisions. Therefore, by the holding of *Fausto* and by statute, this court can neither review personnel decisions, nor collaterally attack the conclusions of the MSPB, which is the appropriate administrative authority for reviewing personnel decisions.

## CONCLUSION

While this court has jurisdiction to award severance pay when warranted, plaintiff is not covered by the statute, and thus we must dismiss his action for failure to state a claim upon which relief can be granted. Plaintiff's termination was in accordance with his final personnel status and thus plaintiff is excluded from coverage under the Severance Pay Act.

Plaintiff does not qualify for severance pay under 5 U.S.C. § 5595, and defendant's motion to dismiss under RCFC 12(b)(4) is GRANTED.

The Clerk of the Court is hereby instructed to dismiss plaintiff's complaint.

IT IS SO ORDERED.