**Wayne SLOAN, Plaintiff–Appellant,**

v.

**Togo WEST, Jr., officially as Secretary of the Army; Office of Personnel Management, Defendants–Appellees.**

No. 96–16830.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 1997.

Decided April 7, 1998.

William Tagupa, Honolulu, Hawaii, for plaintiff-appellant.

Stephanie R. Marcus, United States Department of Justice, Civil Division, Washington, DC, for defendants-appellees.

Before: REINHARDT, LEAVY and THOMAS, Circuit Judges.

Opinion by Judge THOMAS; Partial Concurrence and Partial Dissent by Judge REINHARDT.

THOMAS, Circuit Judge:

In this appeal, we shall attempt to loosen the jurisdictional Gordian knot formed when Title VII and civil service administrative claims are interlaced. Under the facts presented, we conclude that this appeal must be transferred to the Court of Appeals for the Federal Circuit, but that the Title VII claims are equitably tolled.

## I

From 1988 until he lost his job in 1993, Wayne Sloan was employed as an electronics technician by the U.S. Army Corps of Engineers in Camp Zama, Japan under an "Overseas Limited Appointment." When Sloan was hired at the grade of GS–5, Department of Defense regulations required that Overseas Limited Appointment employees over the grade of GS–6 were limited to a five year employment term. DODR 1400.25–M, ¶ 4–2.a(1),d.(1). Employees in grades GS–6 or lower were exempt, provided the employee remained at that grade. *Id.* at ¶ 4.2.2.(e).4. Upon promotion to grade GS–7 or higher, the employee became subject to the five year term limitation, retroactive to his or her hiring date. *Id.* at 4–2.a.(2). Thus, perhaps inspired by the management theories of Joseph Heller or Scott Adams, the regulations allowed an Overseas Limited Appointment employee to be fired through promotion.

This fate befell Sloan in April 1991 when he was promoted from a GS–5 to a GS–7 pay grade, and promptly notified he would then be terminated from employment pursuant to Department of Defense regulations on July 26, 1993.[1] In reviewing Sloan's file in January 1993, the Corps decided that his original appointment and promotion had been approved under improper legal authority. To remedy this, the Corps sought and received retroactive authority from the Office of Personnel Management under an exception to Military Pay Procedures to hire, promote and convert. The net result of this facially legitimized, but did not alter, Sloan's status.

In plain English, this meant that under the regulations Sloan should never have been hired in the first place and, once hired, should not have kept his job. Of course, this presumably presented an awkward situation because Sloan was still showing up for work each day. Thus, he was retroactively hired, promoted and converted to term employment in sufficient time so that he could be fired on schedule, which he was.

Following his termination, Sloan pursued his grievances through numerous avenues. He initiated a complaint with the Army's Equal Opportunity Office ("EEO") alleging, *inter alia*, he was fired because of racial animus. The EEO investigator recommended a finding of no discrimination.[2] Sloan requested a hearing before an Equal Employment Opportunity Commission ("EEOC") complaints examiner, and a hearing was held in August of 1994.[3] However, before the EEOC could issue a decision in the case, Sloan requested that the matter be

---

1. All of which recalls Shakespeare's words in As You Like It:
   "Thou art not for the fashion of the times
   Where none will sweat but for promotion
   And having that do give their service up
   Even with the having." Act I, iii.56

2. 32 C.F.R. § 588.19 (1997). Under Army regulations, following an investigation the EEO investigator delivers a Report of Investigation (ROI) to the EEO officer at the next higher level of command. Included in the file are the investigators findings and recommendations. *Id.* at § 588.19(h).

3. If the complainant disagrees with the investigator's findings and recommendations, he or she may request a hearing. 32 C.F.R. § 588.24 (1997). The hearing is conducted by an EEOC complaints examiner subject to EEOC regulations and procedures. 32 C.F.R. § 588.25(a) (1997). The final army decision may adopt, reject, or modify the decision recommended by the complaints examiner. 32 C.F.R. § 588.26(c) (1997). If a claimant plans ultimately to appeal the Army EEO's determination to the MSPB, he will not be granted a hearing before an EEOC

remanded to the Army's EEO office for final determination, so that he could appeal his case to the Merit System Protection Board ("MSPB" or "the Board") as a "mixed claim" of civil service procedural violations and discrimination rather than pursuing the discrimination claim alone through the EEOC.[4] The EEOC remanded the case, and a final Army EEO decision, with a finding of no discrimination, was issued on May 16, 1995.

Appellant filed an appeal of the EEO decision with the MSPB on April 28, 1995, claiming: (1) the Army improperly classified him, resulting in an improper removal from service; (2) this improper classification was, at least in part, the result of racial animus; and (3) the Army's alleged policy of maintaining a relatively large number of Japanese Nationals in the civilian workforce had a negative disparate impact on other racial groups employed by the Army, such as Sloan who is an African–American. An MSPB Administrative Law Judge denied Sloan's request for a hearing, and determined that (1) the classification was proper, and therefore (2) Sloan's term expired automatically. In other words, Sloan had not been subjected to an "adverse action" which would allow the MSPB to exercise jurisdiction over the case. The ALJ held that Sloan was not entitled to a hearing because the case "present[ed] no disputed jurisdictional facts." Sloan filed a petition for review to the MSPB, which denied it without comment on November 1, 1995.

Meanwhile, Sloan had commenced separate litigation in the Court of Federal Claims under the Tucker Act, claiming violations of the Severance Pay Act. This action was ultimately dismissed on the basis that the Court of Federal Claims was not the appropriate forum to challenge a personnel action and thus, the MSPB determination of job status was controlling. Therefore, because Sloan's GS–7 status at termination did not place him under the Act's coverage, his suit was dismissed. *Sloan v. United States,* 36 Fed. Cl. 163, 167 (Fed.Cl.1996). Thus, Sloan's retroactive promotion also meant that he was not entitled to severance pay.

As part of the MSPB decision, Sloan was instructed that he had "the right to request the United States Court of Appeals for the Federal Circuit to review the Board's final decision in your appeal." However, rather than appealing the MSPB decision to the Federal Circuit Court of Appeals, Sloan appealed to the United States District Court for the District of Hawaii. Sloan argued in district court that because his complaint alleged discrimination, his was a "mixed case" within the meaning of 5 U.S.C. § 7702, and that district court was the proper venue for appeal of the MSPB decision. He sought reversal of the MSPB's determination that the Board lacked jurisdiction, with remand to the MSPB for a decision on the merits.

The district court denied the motion to remand, and granted the Army's cross motion to dismiss for lack of jurisdiction. The district court determined that, because the adverse action complained of was held not "appealable to the MSPB," the case was not a "mixed case" subject to district court review pursuant to § 7703(b)(2). Thus, the court reasoned, appellate review must be sought in the Federal Circuit Court of Appeals. Sloan's timely appeal to this court followed.

## II

This appeal concerns the proper appellate procedure for "mixed cases" filed before the Merit System Protection Board and the collateral consequences of a jurisdictional appeal on non-jurisdictional issues.

## A

The Merit Systems Protection Board was created as a direct result of efforts to reform the political spoils system under which Federal employees were routinely fired when a new administration assumed power. After several antecedents, in 1978 Congress passed the Civil Service Reform Act, 5 U.S.C. § 1201 et. seq., with the hope of simplifying and revising the rules and regulations governing federal employees.[5] The Act created the Merit Systems Protection Board as a

---

complaints examiner. 32 C.F.R. § 588.46(c)(2) (1997).

**4.** *See* 32 C.F.R. § 588.46(c)(2) (1997). A final determination of the EEOC administrative law

judge would have barred a hearing before the M.S.P.B. *Id.*

**5.** *See generally,* Major Robert L. Woods & Captain David L. Frishberg, Sustaining Adverse Ac-

quasi-judicial Government agency to adjudicate Federal employee appeals of agency personnel actions. *See* 5 U.S.C. § 1201 et. seq.; *see also,* 5 C.F.R. § 1200.1 (1997). The MSPB is charged with overseeing and protecting the merit system, and adjudicating conflicts between Federal employees and employers.

Although the Board exercises original jurisdiction,[6] this appeal concerns MSPB's appellate jurisdiction. The Board's appellate jurisdiction is not plenary, but rather is limited to those appeals authorized by law, rule, or regulation. 5 U.S.C. § 7701(a).[7] Generally, the Board is authorized to review "adverse employment actions," which fall into one of five categories: a removal, a suspension for more than 14 days, a reduction in grade, a reduction in pay, or a furlough of 30 days or less. 5 U.S.C. § 7512(1)-(5); 5 C.F.R. § 1201.3 (1997). An appeal must be filed within 30 days of the adverse employment action. 5 C.F.R. § 1201.22 (1997).

The Board also has pendent jurisdiction over discrimination claims brought in connection with an "adverse action" otherwise appealable to it. 29 C.F.R. § 1614.302 (1997). This presents an employee with an option not usually available when he or she seeks to pursue a claim of discrimination. Ordinarily, a federal employee asserting a discrimination claim pursuant to Title VII of the Civil Rights Act of 1964 must exhaust his or her administrative remedies before filing in Federal District Court. He or she must initially file a complaint with the Equal Employment Office of his or her agency.[8] Once the agency issues a final decision, the complainant may file an appeal of the agency resolution with the Equal Employment Opportunity Commission,[9] or alternatively, file a civil suit in federal district court.[10] 29 C.F.R. § 1614.310(a) (1997); 32 C.F.R. § 588.26(f) (1997); 32 C.F.R. § 588 app. A, 1 (1997).

However, when a federal employee claims he or she has been affected by both an "adverse employment action" and a related Title VII violation, administrative remedies may be exhausted for Title VII purposes by asserting both claims before the MSPB. *McAdams v. Reno,* 64 F.3d 1137, 1141 (8th Cir.1995). This type of case constitutes the paradigmatic "mixed case complaint," that is, a complaint which alleges the employee suffered an adverse employment action that was affected, in whole or in part, by unlawful discrimination. 29 C.F.R. § 1614.302 (1997). A "mixed case appeal" is a case determined by the Board to be within its jurisdiction; namely, a case which presents an appealable non-discrimination claim coupled with a discrimination claim. 29 C.F.R. § 1614.302(a)(2) (1997). However, a "mixed case appeal" is not a subset of a "mixed case complaint." The MSPB must decide it has jurisdiction over a case before it becomes a "mixed case appeal."

An employee seeking to file a "mixed case complaint" may follow one of many possible administrative routes. First, he or she may initially file a complaint with the agency EEO, planning to appeal any unfavorable decision to the MSPB.[11] Alternatively, he or

tions Before the Merit Systems Protection Board, 35 A.F.L.Rev. 289.

6. The board's original jurisdiction includes actions brought by the Special Counsel; hearings on removal of persons from the Senior Executive Service; and actions taken against Administrative Law Judges under 5 U.S.C. § 7521. 5 C.F.R. § 1201.1 (1997).

7. *See also* 5 C.F.R. § 1201.3 (1997); *Synan v. M.S.P.B.,* 765 F.2d 1099 (Fed.Cir.1985). *See generally* Major Timothy J. Mallory, Procedural Issues in MSPB Practice, 35 A.F.L.Rev. 279.

8. 29 C.F.R. § 1614.105(a)(1) (1997). This complaint must be filed within 45 days of the effective date of the personnel action appealed. *Id.*

9. 29 C.F.R. § 1614.401(a) (1997); 29 C.F.R. § 1614.105 (1997). A notice of appeal to the

EEOC must be filed within 20 days of the final agency decision. 32 C.F.R. § 588 app. A, 1 (1997). Once the EEOC either investigates and resolves the question, or issues the complainant a "right to sue" letter, he or she may file a civil action in federal district court. 29 C.F.R. § 1614.408(c) (1997).

10. An employee may also file in district court if, after 180 days from the date of appealing to the EEOC, the EEOC has not issued a final decision on the matter. 29 C.F.R. § 1614.408(d) (1997).

11. 29 C.F.R. § 1614.302(d)(1)(ii) (1997). An appeal of a final agency decision should be filed within 30 days of its receipt. An appeal to the MSPB is also available when, after 120 days, the agency has not issued a final decision. *Id.;* 5 C.F.R. § 1201.154(a) (1997).

she may bypass the EEO, and appeal the agency's action directly to the MSPB. 5 C.F.R. § 1201.154(a) (1997); 29 C.F.R. § 1614.302(b) (1997). If the MSPB decides it has jurisdiction over the claims, the case becomes a "mixed case appeal" properly decided by the Board.

If a complainant wishes to preserve both claims, he or she must not pursue an appeal of the EEO decision with the EEOC. Rather, he or she must file the appeal with the MSPB, or be deemed to have waived the non-discrimination claim.[12]

█ Once the MSPB issues a decision in the case, the employee may file a petition for review to the three member Board of the MSPB.[13] If the petition for review is denied, the employee may either appeal the discrimination claim to the EEOC,[14] or alternatively, appeal the entire case (including all claims) to the appropriate United States District Court. 29 C.F.R. § 1614.310(b) (1997). If the discrimination complaint is appealed to the EEOC, and the EEOC agrees with (or fails to respond to) the MSPB's decision, the employee may then appeal all claims to the District Court. 29 C.F.R. § 1614.310(c)-(d) (1997); 5 C.F.R. § 1201.161(f) (1997). If, on the other hand, the EEOC disagrees with the MSPB's resolution of the discrimination complaint, the case is immediately referred back to the MSPB. 5 U.S.C. § 7702(b)(5)(B). If

the MSPB concurs in the EEOC decision, the employee may appeal to the District Court. If the MSPB reaffirms its initial decision, the matter is immediately certified to the Special Panel.[15] 5 U.S.C. § 7702(d)(1). If the complainant disagrees with the resolution of his claims by the Special Panel, he may appeal the entire case to district court. 5 C.F.R. § 1201.162(b) (1997); 5 C.F.R. § 1201.171 (1997). The district court reviews the MSPB's determination of the non-discrimination claim under a deferential standard pursuant to 5 U.S.C. § 7703(c),[16] but reviews the discrimination claim de novo. *Washington v. Garrett*, 10 F.3d 1421, 1428 (9th Cir.1993).

█ The MSPB does not possess jurisdiction over claims that do not fall into one of the five "adverse action" categories outlined in 5 U.S.C. § 7512. In addition, the MSPB may not exercise jurisdiction over a claim of discrimination that is completely divorced from a personnel action otherwise within its jurisdiction pursuant to § 7512. *McAdams*, 64 F.3d at 1143. Ordinarily, if the MSPB finds it lacks jurisdiction over either the entire case, or over one of the claims, it will dismiss the complaint and/or claims; advise the employee to seek appropriate review of any extra-jurisdictional non-discrimination claims through other channels within the agency; and advise the employee to pursue

---

12. In the case at bar, appellant initially filed an appeal with the EEOC. However, before they could issue a decision, he requested that the case be remanded to the Army EEO for a final decision, so he could proceed in the MSPB on a "mixed case" theory. The ALJ thus properly determined he had not waived his non-discrimination claim.

13. 5 C.F.R. § 1201.113–114 (1997). If no petition for review is filed within 35 days, the Administrative Law Judge's decision becomes final. *Id.*

14. 29 C.F.R. § 1614.303(a) (1997); 5 C.F.R. § 1201.157 (1997). The discrimination claim must be appealed to the EEOC within 30 days. 29 C.F.R. § 1614.303(c) (1997).

15. 29 C.F.R. § 1614.306 (1997). The Special Panel is made up of a Chairman (appointed by the President of the United States), a member of the Board (appointed by the Chairman), and an EEOC Commissioner (appointed by the EEOC Chairman). This Special Panel does not conduct de novo review of the discrimination issue. Rather, the Panel typically defers to the EEOC's

determination. This is because it must defer where the Commission's decision does not constitute an incorrect interpretation of a provision of civil service laws, rules, regulations, or policy directives, or where a decision has a reasonable basis. *Ignacio v. United States Postal Service*, 30 M.S.P.R., 471 (M.S.P.B. Special Panel 1986). 29 C.F.R. § 1614.307 (1997).

16. Under 5 U.S.C. § 7703(c), the Courts of Appeal are charged with reviewing the record and setting aside any MSPB action, findings, or conclusions found to be:

(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
(2) obtained without procedures required by law, rule, or regulation having been followed; or
(3) unsupported by substantial evidence;
Except that in the case of discrimination brought under any section referred to in subsection (b)(2) of this section, the employee or applicant shall have the right to have the facts subject to trial de novo by the reviewing court.

any discrimination claims by filing a complaint with the agency EEO and otherwise exhausting administrative remedies pursuant to Title VII. 29 C.F.R. § 1614.302(b) (1997). When a discrimination complaint is dismissed by the MSPB for lack of jurisdiction, the statute of limitations for filing the complaint with the agency EEO is considered to have been tolled by filing the complaint with the MSPB.[17]

Finally, as a general rule, an MSPB determination that it lacks jurisdiction to hear a claim is appealable only to the United States Court of Appeals for the Federal Circuit.[18] By contrast, a "mixed case appeal," in which the MSPB decides the merits of both the non-discrimination claim and the discrimination claim, is appealed to the appropriate district court.[19]

### B

The case at bar presents the question of whether the general rule applying to jurisdictional appeals should apply where the jurisdiction question is intertwined with the discrimination claim.

■■■ Because this problem is essentially one of statutory interpretation, we begin with the plain language of the statute. If the intent of Congress is clear from the face of the statutory language, we must give effect to the unambiguously expressed Congressional intent. *Chevron, U.S.A., Inc. v. Natural Resources Defense Council,* 467 U.S. 837, 842–43, 104 S.Ct. 2778, 2781–82, 81 L.Ed.2d 694 (1984). A plain reading of the Civil Service Reform Act supports the district court's position that the Federal Circuit Court of Appeals has jurisdiction over mixed case claims from MSPB decisions made on jurisdictional grounds. Section 7702 establishes the procedure for handling "[a]ctions involving discrimination," otherwise known as "mixed cases:"

(a)(1) Notwithstanding any other provision of law ... in the case of any employee or applicant for employment who-

(A) has been affected by an action which the employee may appeal to the Merit Systems Protection Board, *and*

(B) alleges that a basis for the action was discrimination prohibited by

(i) section 717 of the Civil Rights Act of 1964 (42 U.S.C.2000e–16)....

the board shall, within 120 days of filing of the appeal, decide both the issue of discrimination and appealable action....

5 U.S.C. § 7702 (emphasis added). Section 7703 elaborates further that, while most appeals of an MSPB decision are to be filed in the Federal Circuit, cases of discrimination "subject to the provisions of § 7702 of this title" are to be appealed to the district court. 5 U.S.C. § 7703(b)(2).

As noted by the district court, section 7702 defines a "mixed case" appealable to the district court under § 7703 as a case involving an action that is *both* appealable to the MSPB *and* which allegedly involved discrimination. Thus, if the MSPB does not have jurisdiction over the non-discrimination claim, then the case is not a "mixed case," and any appeal of the jurisdictional determination must be filed in the Federal Circuit Court of Appeals.

Circuits that have addressed this issue have agreed with this construction. The Federal Circuit has held that, where a "mixed case" brought before the MSPB is dismissed for lack of jurisdiction, the Federal Circuit is the exclusive appellate forum. *See Synan v. M.S.P.B.,* 765 F.2d 1099, 1101–02 (Fed.Cir.1985); *Ballentine v. M.S.P.B.,* 738 F.2d 1244, 1247 (Fed.Cir.1984). In *Ballentine,* the court explained the reason the Federal Circuit should retain appellate jurisdiction in such cases:

[O]ur exercise of jurisdiction over MSPB decisions until issues touching the merits of a discrimination claim are appealed comports with the intent of § 7703(b)(1) and (2) and also allows the application of a unified body of case law concerning issues

---

**17.** 29 C.F.R. § 1614.302(b) (1997). The statute of limitations is also tolled while the MSPB is considering the jurisdictional issue. *Id.*

**18.** 28 U.S.C. § 1295; 5 C.F.R. § 1201.120 (1997); 5 U.S.C. § 7703(b)(1); *Synan v. M.S.P.B.,* 765 F.2d 1099, 1101–02 (Fed.Cir.

1985); *Ballentine v. M.S.P.B.,* 738 F.2d 1244, 1247 (Fed.Cir.1984).

**19.** 5 U.S.C. § 7703(b)(2); 5 C.F.R. § 1201.175 (1997). This appeal of the MSPB or EEOC final determination must be filed in district court within 30 days.

**1262**

like that actually on appeal here.... [Lack of uniformity would result if the] different federal district courts (with appeals to their respective circuits) proceed to define the metes and bounds of MSPB jurisdiction.

*Id.* at 1247 (citations omitted). In a case directly on point, the Tenth Circuit followed Federal Circuit cases by holding that an MSPB jurisdictional decision, involving a mixed claim, was not a "mixed case" subject to district court review. *See Wall v. United States,* 871 F.2d 1540, 1543–44 (10th Cir. 1989).

■ Given the plain language of the statute, we join our sister circuits and hold that appeals of MSPB jurisdictional decisions involving mixed claims are properly venued in the Federal Circuit Court of Appeals.[20]

### III

The government argues that an appeal of an MSPB mixed case jurisdictional decision does not toll the statute of limitations from running on the claimant's Title VII claim. However, adoption of this theory would effectively preclude discrimination claims in mixed cases where the MSPB dismisses for lack of jurisdiction. Ordinarily, a Title VII claimant must exhaust his or her administrative remedies by: filing an EEO complaint within 45 days of the effective date of the personnel action; and either (1) appealing the EEO decision to the EEOC within 20 days of receipt of a final agency decision; or (2) filing a suit in district court within 30 days of the receipt of the EEO's final decision.[21] 32 C.F.R. § 588 app. A (1997).

If a Title VII claimant elects to pursue his or her MSPB remedies through a mixed case complaint and the MSPB dismisses a mixed case claim for lack of jurisdiction, the Title VII statute of limitations is tolled in order to allow the claimant to exhaust his or her EEO and/or EEOC administrative remedies and file in federal court. 29 C.F.R. § 1614.302(b) (1997).

Under the government's theory, the statute would begin running again if the claimant elected to appeal the MSPB jurisdictional decision. Thus, a claimant's Title VII statute of limitations would run before the appellate briefing was complete. The Civil Service Reform Act was not intended to present a claimant with a Hobson's litigation choice upon exhaustion of his or her MSPB administrative remedies. Indeed, such an outcome would be antithetical to the statutory and regulatory scheme.

■ The Title VII statute of limitations is not a jurisdictional requirement; it may be waived, and equitably tolled. *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 394, 102 S.Ct. 1127, 1133, 71 L.Ed.2d 234 (1983). Statutory time limits applicable to public employers are subject to equitable tolling. *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 95–96, 111 S.Ct. 453, 457–58, 112 L.Ed.2d 435 (1990). Equitable tolling is routinely held to be proper where, as here, a claimant filed suit in a venue without jurisdiction over the claim.[22]

---

**20.** One concern about this result raised in *Washington v. Garrett,* 10 F.3d 1421 (9th Cir.1993) is the potential collateral effect of a jurisdictional decision by the Federal Circuit on a subsequent Title VII case. Ordinarily, collateral estoppel would not apply because the discrimination issues would not be "actually litigated and necessarily determined" in the appeal. *Davis & Cox v. Summa Corp.,* 751 F.2d 1507, 1518 (9th Cir. 1985). Further, because of the limited nature of the MSPB inquiry and Federal Circuit jurisdictional appeal, there would be "reason to doubt the quality, extensiveness, or fairness of procedures followed in prior litigation" which would normally "warrant an exception to the normal rules of preclusion." *Montana v. United States,* 440 U.S. 147, 155 & 163 n. 11, 99 S.Ct. 970, 974–75 & 979 n. 11, 59 L.Ed.2d 210 (1979).

**21.** If the complainant files an appeal with the EEOC, a notice of appeal must be sent to the Commission within 20 days. A statement or brief in support of the appeal is due within 30 days of the date on which the notice of appeal was filed. 32 C.F.R. § 588 app. A (1997).

**22.** *See e.g., Burnett v. New York Central Railroad Co.,* 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965)(employee's Ohio court FELA action tolled federal limitations provision, although Ohio action was dismissed for improper venue); *Herb v. Pitcairn,* 325 U.S. 77, 65 S.Ct. 954, 89 L.Ed. 1483 (1945)(where action under FELA was commenced in state court without jurisdiction within two year statute of limitations, the statute was tolled); *Valenzuela v. Kraft,* 801 F.2d 1170 (9th Cir.1986)(filing of complaint in California state court alleging sex discrimination equitably tolled running of 90–day filing requirement for civil rights action).

■ Thus, consistent with the regulations, we hold that, when a "mixed case claim" is filed with the MSPB, the statute of limitations for filing with the EEO and/or the EEOC are equitably tolled. Moreover, the tolling period lasts until the appellant has received a final jurisdictional determination from the Federal Circuit Court of Appeals.

### Conclusion

We transfer this case to the Federal Circuit Court of Appeals. *See Billops v. Department of Air Force,* 725 F.2d 1160 (8th Cir.1984)(MSPB case can be properly transferred to the Federal Circuit where, though district court lacked jurisdiction, appeal was timely filed in district court). The statute of limitations on appellant's Title VII claim is hereby tolled pending final resolution of the jurisdictional issue.

REINHARDT, Circuit Judge, concurring in part, dissenting in part:

I concur with the majority's holding that only the Federal Circuit may review MSPB jurisdictional decisions. I also agree with its tolling discussion. I do not agree, however, with the majority's decision to transfer Sloan's complaint to the Federal Circuit without first giving him the option to pursue his discrimination claim in the district court.

When an employee's "mixed case" claim is dismissed by the MSPB for lack of jurisdiction, he has two options with respect to the federal courts. He may appeal the jurisdictional question to the Federal Circuit,[1] *or* he may forego that appeal, abandon his claim of a violation of civil service rights, and file his discrimination claim directly in the district court. Here, Sloan erroneously combined his two options. He filed a complaint containing two counts in the district court, one consist-

ing of his discrimination claim and one setting forth his civil services claim.

The majority appears to view Sloan's complaint, as the district court did, as solely seeking review of the MSPB's jurisdictional decision. Nothing in the complaint, however, suggests that its objective was so limited. While it is true that Sloan requested a remand to the MSPB, he *also* requested a jury trial, reinstatement, and damages. Moreover, he directly invoked the district court's jurisdiction under Title VII.[2] In short, Sloan did everything necessary in order to bring a Title VII action.

I would remand this matter to the district court and direct it to allow Sloan the option of pursuing his discrimination claim in the district court or having the entire complaint transferred to the Federal Circuit.

---

1. If the appeal is successful, the MSPB will consider all of the petitioner's claims on remand. If not, the employee is free to pursue the discrimination claims in district court.

2. Because Sloan had received a final EEO agency decision on his discrimination claim, the district court had jurisdiction over that claim.

  Although in this case a final EEO decision had issued, I believe the district court would have had jurisdiction over the discrimination claim even if it had not. When the MSPB resolves, adversely to the employee, a jurisdictional ques-

tion that depends on the merits of his discrimination claim, no additional administrative proceedings should be necessary before he may file his discrimination action in district court. *See Wall v. United States,* 871 F.2d 1540, 1547 & n. 5 (10th Cir.1989) (Seymour, J., dissenting) (noting "conceptual difficulty" of determining jurisdictional question whether discharge was voluntary without reviewing merits of discrimination claim); *Cruz v. Department of Navy,* 934 F.2d 1240 (Fed.Cir.1991) (Skelton, J., dissenting) (same).