**Dave SCHNEIDER, Plaintiff–Appellant,**

v.

**Gordon R. ENGLAND,\* Secretary of the Navy, Defendant–Appellee.**

**No. 01–55941.**
**D.C. No. CV–96–06665–MRP.**

United States Court of Appeals, Ninth Circuit.

Submitted June 7, 2002.\*\*

Decided June 25, 2002.

---

\*\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before FERNANDEZ, WARDLAW, and W. FLETCHER, Circuit Judges.

### MEMORANDUM***

David Schneider brought this mixed claim action against the Secretary of the Navy on the bases that he had been discriminated against on account of a disability and that he had been retaliated against for whistleblowing. At an earlier time, the district court granted summary judgment to the Secretary on the discrimination claim. We affirmed.[1] Schneider now appeals the district court's later dismissal of

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the nondiscrimination (whistleblower) claim. The dismissal was based upon Schneider's failure to exhaust his administrative remedies. We affirm.

There can be no doubt that Schneider failed to present his whistleblower retaliation claim to the Merit Systems Protection Board (MSPB) before he brought his mixed claim action in the district court. Thus, he has not preserved that claim for judicial review. *See Sloan v. West,* 140 F.3d 1255, 1259–60 (9th Cir.1998); *see also Nater v. Riley,* 114 F.Supp.2d 17, 24 (D.P.R.2000), *aff'd,* 2001 WL 828290, 15 Fed.Appx. 11 (1st Cir. July 23, 2001) (unpublished disposition), *cert. denied,* —— U.S. ——, 122 S.Ct. 1544, 152 L.Ed.2d 470 (2002). Indeed, when an employee bypasses the MSPB, federal courts cannot possibly apply the proper deferential standard of review[2] to the agency's action on a nondiscrimination claim.

AFFIRMED.

**In re John Kevin ELDER, Debtor,**

1. *Schneider v. Dalton,* No. 98–55281, 1999 WL 1079628, at *1 (9th Cir. Nov. 30, 1999) (unpublished disposition).

2. *See Washington v. Garrett,* 10 F.3d 1421, 1428 (9th Cir.1993).