Robert OJA, Plaintiff—Appellant,

v.

UNITED STATES ARMY CORP OF ENGINEERS; Robert B. Flowers, Lieutenant General, Defendants—Appellees.

No. 03–35882.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 11, 2005.

Decided June 23, 2005.

For related reference, see 405 F.3d 1349.

Marianne G. Dugan, Esq., Facaros & Dugan, Eugene, OR, for Plaintiff–Appellant.

James L. Sutherland, Esq., Office of the U.S. Attorney, Eugene, OR, for Defendants–Appellees.

Before: HUG, BERZON, and BYBEE, Circuit Judges.

MEMORANDUM *

Robert Oja appeals the district court's final order and judgment holding that his case was not a "mixed-case" appeal and that he had not exhausted his administrative remedies before the Equal Employ-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ment Opportunity Commission ("EEOC"). The District Court of Oregon transferred Oja's breach claim to the Federal Circuit pursuant to 28 U.S.C. § 1631, and the Federal Circuit recently dismissed Oja's appeal as untimely. *See Oja v. Dep't of the Army*, 405 F.3d 1349 (Fed.Cir.2005). The District Court of Oregon also dismissed Oja's Title VII discrimination claim without prejudice to refile once he appropriately exhausted his administrative remedies.

 This Court has jurisdiction to review district court orders only over "mixed-case" complaints filed before the Merit Systems Protection Board. 5 U.S.C. § 7703(b)(2); *Sloan v. West*, 140 F.3d 1255, 1261 (9th Cir.1998). When the district court held that Oja had not filed a mixed-case complaint, and Oja accepted the § 1631 transfer and appealed the decision to the Federal Circuit without seeking a stay, an interlocutory appeal, or a writ of mandamus, we lost jurisdiction over Oja's appeal on the breach claim. *See* 28 U.S.C. § 1631; *Gulf Research & Dev. Co. v. Harrison*, 185 F.2d 457, 458–59 (9th Cir.1950). There is no further relief this Court can provide Oja, and we dismiss his appeal on that claim.

 Oja's appeal to the EEOC alleged Title VII retaliation claims arising from the breach of the agreement, but because the MSPB had not addressed those claims, the EEOC dismissed Oja's appeal of the decision of the MSPB. Oja now claims that his Title VII claim can be construed as distinct from the MSPB's decision on the breach of contract claim, thereby allowing it to proceed in the district court. Oja's petition before the EEOC appealed the MSPB's decision, however, it alleged only a Title VII claim intertwined with the breach of contract claim. Therefore, we affirm the district court and hold that Oja

did not exhaust his administrative remedies before the EEOC on this claim. *See Vinieratos v. U.S. Dept. of the Air Force*, 939 F.2d 762, 767–68 (9th Cir.1991) ("Title VII specifically requires a federal employee to exhaust his administrative remedies as a precondition to filing suit."). The district court properly dismissed this claim without prejudice, and Oja must exhaust his separate Title VII claim to the EEOC prior to bringing it to the district court. *Leong v. Potter*, 347 F.3d 1117, 1121–22 (9th Cir.2003).

Oja's appeal of the breach of contract claims is dismissed. The district court's decision to dismiss Oja's Title VII claim without prejudice is affirmed.

DISMISSED in part, AFFIRMED in part.