**Danise J. WHITTINGTON, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

95–3587.

United States Court of Appeals,
Federal Circuit.

March 29, 1996.

Danise J. Whittington, Roanoke, Virginia, submitted pro se.

Melissa Mehring, Merit Systems Protection Bd., Washington, DC, submitted for respondent.

Before NEWMAN, Circuit Judge, SMITH, Senior Circuit Judge and CLEVENGER, Circuit Judge.

EDWARD S. SMITH, Senior Circuit Judge.

## Decision

Danise J. Whittington petitions for review of the final decision of the Merit Systems Protection Board ("Board"), Docket No. PH–0752–95–0171–I–1 and PH–0752–95–0272–I–1, dismissing her appeal as untimely filed.[1] Because the Board failed to apply the proper legal standard or make sufficient factual findings relevant to Ms. Whittington's mixed case [2] appeal, we *vacate and remand*.

## Facts

Ms. Whittington was removed from her position with Veterans Affairs ("VA"), effective November 5, 1993. Ms. Whittington met with a VA equal employment opportunity ("EEO") counselor on the effective date of her removal alleging her removal was racially motivated. The EEO counselor advised Ms. Whittington that she could either file a formal EEO complaint or file an appeal with the Board, but not both. The record is unclear regarding subsequent events other than that Ms. Whittington ultimately filed an appeal with the Equal Employment Opportunity Commission ("EEOC"). On October 11, 1994, EEOC dismissed the appeal because it cannot initially hear mixed case appeals. Ms. Whittington then filed her first appeal to the Board on November 23, 1994, over a year after her removal. The Board ordered Ms. Whittington to show either her appeal was timely or there was good cause for her untimeliness. Ms. Whittington explained that neither the EEO counselor nor the EEOC judge informed her that her mixed case could only be heard by the Board, and not by EEOC. On April 21, 1995, the Board issued an initial decision dismissing Ms. Whittington's appeal as untimely filed pursuant to the 20 day limit of 5 C.F.R. § 1201.22(b) (1993) .[3] The Board found Ms. Whittington was given proper notice, the filing delay was substantial, and she did not exercise due diligence or ordinary prudence under the circumstances.

---

1. Ms. Whittington filed her first appeal to the Board on November 23, 1994 and a second appeal on January 10, 1995. Because the appeals were based on the same adverse action, they were consolidated in the Board's initial decision.

2. A "mixed case" is an adverse personnel action that is appealable to the Board where a federal employee or applicant alleges a basis for the action is prohibited discrimination. 29 C.F.R. § 1614.302(a)(1) (EEOC definition of "mixed case complaint"); *Miller v. Department of the Army*, 987 F.2d 1552, 1554 n. 2 (Fed.Cir.1993); *See also*, 5 U.S.C. § 7702(a)(1) (Board jurisdiction of actions involving discrimination); 5 C.F.R. § 1201.151(a) (defining personnel actions appealable to the Board based on "prohibited discrimination").

3. The 20 day limit was changed to 30 days for any appealed action taking effect on or after June 17, 1994. *See*, 59 Fed.Reg. 31109 (June 17, 1994). Unless otherwise noted, all citations will be to the 1993 Code of Federal Regulations.

This initial decision became the final decision of the Board because neither party filed a petition for review by the full Board. 5 C.F.R.§ 1201.113.

### Standard of Review

■ This court reviews a Board decision under a narrow standard, and we must affirm the decision unless it is (i) arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; (ii) obtained without following procedures required by law, rule or regulation; or (iii) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994); *Walls v. Merit Sys. Protection Bd.,* 29 F.3d 1578, 1581 (Fed.Cir.1994); *Miller v. Department of the Army,* 987 F.2d 1552, 1554 (Fed.Cir.1993).

### Appealing a Mixed Case to the Board

The statutory and regulatory procedure for mixed cases permit an employee to initiate review of an alleged discriminatory personnel action by either (1) filing a formal EEO complaint with her agency or (2) filing an appeal with the Board, but not both. 5 U.S.C. §§ 7702(a)(1) and (a)(2); 5 C.F.R. § 1201.154(a) (Board regulation regarding timely filing of mixed case appeals); 29 C.F.R. § 1614.302(b) (EEOC regulation regarding mixed case complaints); *Miller,* 987 F.2d at 1554. This initial election of a forum for review invokes different procedural time limits for ultimately filing an appeal with the Board depending on whether a formal EEO complaint has been filed with the agency and, if so, whether the complaint has been resolved. 5 C.F.R. §§ 1201.154(a) and (b). Board regulations facilitate this procedural inquiry by specifically requiring an employee to state (1) whether she filed a formal discrimination complaint or a grievance with any agency and, if so, (2) the date she filed the complaint and (3) any action the agency took in response. 5 C.F.R. § 1201.153(a)(2)

(Contents of appeal). An employee complies with this requirement if she completes the Board's Appeal Form which inquires,

32.b) Have you filed a *formal* discrimination complaint with your agency or any other agency concerning the matter which you are seeking to appeal? ☐ Yes (attach a copy) ☐ No.

32.c) If yes, place filed (agency, number and street, city, state, and ZIP code)

32.d) Date filed (month, day, year)

32.e) Has a decision been issued? ☐ Yes (attach a copy) ☐ No.

5 C.F.R. Part 1201, Appendix I (Optional Form 283) (emphasis in original); 5 C.F.R. § 1201.153(b) (Use of form).

■ If an employee elects to directly file a mixed case appeal with the Board without first filing a formal EEO complaint with her agency, the appeal must be filed within 20 days (now 30 days) after the effective date of the personnel action being appealed. 5 C.F.R. § 1201.154(a). However, if an employee elects to file first a formal EEO complaint with her agency, the time limit for filing an appeal with the Board depends on whether the formal EEO complaint has been resolved. Board regulation 5 C.F.R. § 1201.154(b) provides,

If the appellant has filed a timely formal complaint of discrimination with the agency:

(1) An appeal must be filed within 20 days after the appellant receives the agency resolution or final decision on the discrimination issue; or

(2) If the agency has not resolved the matter or issued a final decision on the formal complaint within 120 days, the appellant may appeal the matter directly to the Board at any time after the expiration of 120 calender days.

5 C.F.R. § 1201.154(b); 29 C.F.R. §§ 1614.302(d)(1) .[4] Therefore, if there is an

---

4. Effective June 17, 1994, the 20 day limit of 5 C.F.R. § 1201.154(b)(1) has been changed to 30 days. *See,* 59 Fed.Reg. 31109 (June 17, 1994). We note that, as of the date of this opinion, EEOC has not incorporated this change in its regulation 29 C.F.R. § 1614.302(d) which, therefore, requires the agency to erroneously advise a complainant she has only a 20 day filing time

limit. We further note that § 1614.302(d)(1)(i) erroneously cites to 5 C.F.R. § 1201.154(a), instead of § 1201.154(b)(2), concerning an appeal to the Board if the agency has not issued a final decision within 120 days of filing a formal complaint. This reflects the confusion that has plagued the Board and EEOC dual jurisdiction over mixed case complaints, and should give the

agency resolution or final decision on the discrimination issue, the employee must file an appeal with the Board within 20 days (now 30 days) after receiving the resolution or final decision. *Felder v. United States Postal Serv.*, 68 M.S.P.R. 312, 313 (1995); *Henderson v. Department of the Treasury*, 61 M.S.P.R. 61, 64 (1994) ("Only after the appellant receives the agency resolution or final decision on the discrimination issue is she then subject to filing her appeal within 20 days."). Otherwise, if there has been no agency resolution or final decision, the employee "may apply directly to the Board at any time after the expiration of 120 calendar days." *Henderson*, 61 M.S.P.R. at 64 (Finding an appeal was timely, notwithstanding it was filed nearly two years after the adverse personnel action, where there was "no record evidence that the agency has issued a final decision on the discrimination matter, and the agency stated that it has not done so.").

### *The Board Failed to Consider the Mixed Case Filing Time Limits*

■ The Board erred as a matter of law by not considering the timeliness of Ms. Whittington's appeal pursuant to 5 C.F.R. § 1201.154, which specifically applies to mixed cases, instead of § 1201.22(b) which would have applied were this not a mixed case. This error alone is not fatal to the Board's decision because the legal standards of the two provisions provide similar 20 day time limits *if* Ms. Whittington has not filed a formal discrimination complaint with VA. *Cf.*, 5 C.F.R. § 1201.154(a) (Either file timely complaint with agency or "file an appeal with the Board within 20 days after the effective date of the agency action being appealed.") and 5 C.F.R. § 1201.22 ("An appeal must be filed during the period beginning on the day after the effective date of the action being appealed and ending 20 days after the effective date."). This court has previously stated that, "We may ... where appropriate, affirm the Board on grounds other than those relied upon in rendering its decision, when upholding the Board's decision does not depend upon making a determination of fact not

Board a sympathetic ear toward *pro se* appellants, like Ms. Whittington, who are confused

previously made by the Board." *Killip v. Office of Personnel Management*, 991 F.2d 1564, 1568–69 (Fed.Cir.1993). However, as discussed below, we could not apply § 1201.154(a) without making further factual findings such as whether Ms. Whittington filed a formal complaint with VA. Therefore, this case should be remanded to the Board to make relevant factual findings and apply the proper legal standards.

### *The Board Failed to Consider the Mixed Case Savings Provision*

■ In finding Ms. Whittington untimely filed her appeal on November 23, 1994, the Board erred as a matter of law by failing to consider 5 U.S.C. § 7702(f), the statutory savings provision for erroneous filings in mixed cases. The statute governing the filing of mixed case appeals provides that,

> In any case in which an employee is required to file any action, appeal, or petition under this section and the employee timely files the action, appeal, or petition with an agency other than the agency with which the action, appeal, or petition is to be filed, the employee shall be treated as having timely filed the action, appeal, or petition as of the date it is filed with the proper agency.

5 U.S.C. § 7702(f). This court has interpreted the statute broadly, stating that "irrespective of the cause for error ... [a]ll that is required to invoke section 7702(f) is that an appeal be timely filed with the wrong agency." *Miller*, 987 F.2d at 1555. Therefore, if Ms. Whittington erroneously filed her appeal with EEOC within the time limit for filing with the Board, her appeal is considered timely filed with the Board. *Davis v. Department of the Army*, 57 M.S.P.R. 203, 208 (1993) (An appeal of an arbitrator's sustaining an agency's removal of an employee "was timely filed with the Board as of the date it was timely, albeit mistakenly, filed with the EEOC."); *See also, Means v. Department of Labor*, 60 M.S.P.R. 108, 111–12 (1993) (Good cause exists for waiving filing deadline where appeal was erroneously filed with EEOC,

about mixed case procedure.

notwithstanding employee's failing to establish the appeal was filed with EEOC within the time limit for filing with the Board). Therefore, on remand, the Board should consider the timeliness of Ms. Whittington's appeal based on this statutory savings provision.

### The Board Failed to Make Relevant Factual Findings

■ Determining whether a mixed case appeal was timely filed requires the Board to make an initial factual finding whether the employee has filed a formal EEO complaint. However, the Board's decision is silent regarding the filing of a formal EEO complaint notwithstanding Ms. Whittington's marking "yes" in response to entry 32(b) of the Appeal Form that inquires whether she has "filed a formal discrimination complaint with [her] agency or any other agency." However, Ms. Whittington's Appeal Form does not unequivocally demonstrate she filed a formal complaint with VA because her response to questions 32(c) and 32(d) indicate she filed her complaint with EEOC, not VA, on November 5, 1993. For example, Ms. Whittington may not have filed a formal complaint, but simply mischaracterized a direct appeal to EEOC as a "formal discrimination complaint with [her] agency or *any other agency*." Ms. Whittington also submits evidence on this appeal indicating she filed a formal EEO complaint with VA on November 11, 1993.[5] Whether this or other evidence of a formal complaint was properly before the Board and, if so, when and where the complaint was filed is unclear because the Board is silent on this issue in both rendering its decision and acting as respondent on appeal. *See, Hamilton v. Merit Sys. Protection Bd.*, 75 F.3d 639, 642 (Fed.Cir.1996) (The Board is the respondent on an appeal of its dismissing a complaint as untimely filed). The Board's silence on this issue is quite disconcerting because Ms. Whittington's responses on the Appeal Form should have spurred the Board to further inquiry. *See, Hamilton*, 75 F.3d

at 646 ("Before dismissal, the [Board] could and should have asked both parties for such evidence [relevant to the filing period]."). We recently stated in *Hamilton* that, "before undertaking the draconian action of dismissing an appeal on a finding of untimeliness, the [Board] must have sufficient evidence which at least facially establishes that fact." *Id.* Similarly, the Board should not have dismissed Ms. Whittington's appeal as untimely without addressing the pertinent mixed case provisions that are implicated, albeit ambiguously, on the face of Ms. Whittington's Appeal Form.

Even if we assume Ms. Whittington filed a formal EEO complaint, the Board's findings are insufficient because it failed to make further factual findings, pursuant to § 1201.154(b)(1), whether there has been an agency resolution or final decision on the discrimination issue and, if so, whether Ms. Whittington timely filed her appeal within 20 days of receiving the resolution or final decision. There is no evidence before us to indicate there has been an agency resolution or final decision, and VA's June 5, 1995 letter to EEOC states,

> We have no record of ever having issued a final agency decision (FAD) on any complaint filed by Ms. Whittington and this office is the only office in [VA] authorized to issue FADs.... As more than 120 calendar days had elapsed since the mixed-case complaint was filed and as no FAD had been issued, we believe that the MSPB should have entertained the merits of her appeal.

However, this letter could not have been properly before the Board because it was written after the Board's decision. Moreover, further speculation on this issue would be futile because, even if we assume there has been no agency resolution or final decision, the Board's findings are insufficient because it made no further factual findings, pursuant to § 1201.154(b)(2), whether Ms. Whittington timely filed an appeal with the

---

**5.** For example, Ms. Whittington submits a June 5, 1995 letter from VA to EEOC which states that, on November 11, 1993, Ms. Whittington filed a mixed case complaint regarding her removal. Ms. Whittington also submits a December 7, 1994 letter from the VA Office of General Counsel that discusses Ms. Whittington's "complaint, dated November 11, 1993, concerning her removal ... which had been referred to the ... EEOC."

Board after 120 days from filing her EEO complaint.

If, contrary to evidence otherwise, we assume Ms. Whittington did not file a formal EEO complaint, the Board should have determined whether Ms. Whittington timely filed her appeal within 20 days from the effective date of her removal pursuant to 5 C.F.R. § 1201.154(a), not § 1201.22(b). As discussed, this error alone does not necessarily hinder our review because the legal standards of the two provisions are similar. *See, Killip v. Office of Personnel Management,* 991 F.2d 1564, 1568–69 (Fed.Cir.1993). However, the Board found Ms. Whittington's filing date was November 23, 1994 without considering 5 U.S.C. § 7702(f), the statutory savings provision. Under § 7702(f), Ms. Whittington's appeal to the Board may have been timely depending on the date she filed her appeal with EEOC. Ms. Whittington's Appeal Form indicates she filed her appeal with EEOC on November 5, 1993, the effective date of her removal. Indeed, under the savings provision, her appeal may have been premature *if* (i) she filed a formal complaint (ii) which had not been resolved and (iii) 120 days had not elapsed before her erroneous filing with EEOC. 5 C.F.R. § 1201.154(b)(2); *See also,* 5 C.F.R. § 1201.154(c) (A premature appeal shall either be dismissed without prejudice or held until it becomes timely). However, further speculation on this issue would be futile because the Board failed to make any of the relevant factual findings.

### Conclusion

The Board failed to make relevant factual findings or apply the appropriate statutory and regulatory law to determine whether Ms. Whittington timely filed her appeal. As a result, we can neither reverse nor affirm the Board's decision because either action would require us to apply law the Board did not consider to facts the Board did not consider; such a complete *de novo* review is not our proper role and would deprive the parties of the process they are due. *See, Hamilton,* 75 F.3d at 647 ("Dismissal because of failure to anticipate with exactitude the problems and solutions in the mind of the [decisionmaker] is not the process which is due.... The [decisionmaker] should have at least afforded ... a further opportunity to reply."). Therefore, we vacate and remand for further proceedings consistent with this opinion.

VACATED AND REMANDED.