# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued November 8, 2013　　　　Decided January 3, 2014

No. 12-5132

FREDERICK SCHLOTTMAN,
APPELLANT

v.

THOMAS E. PEREZ, SECRETARY, U.S. DEPARTMENT OF LABOR,
APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 1:11-cv-00752)

*George M. Chuzi* argued the cause and filed the briefs for appellant.

*Javier M. Guzman*, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief were *Ronald C. Machen Jr.*, U.S. Attorney, and *R. Craig Lawrence*, Assistant U.S. Attorney.

Before: TATEL, *Circuit Judge*, and WILLIAMS and RANDOLPH, *Senior Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* TATEL.

TATEL, *Circuit Judge*: Because the federal government's administrative procedures for resolving complaints of discrimination are complex and confusing, individuals sometimes file their complaints with the wrong agency. In an effort to deal with this problem, Congress adopted a savings clause: "[i]n any case in which an employee is required to file any action . . . under this section and the employee timely files the action . . . with an agency *other than the agency with which the action . . . is to be filed*, the employee shall be treated as having timely filed the action . . . as of the date it is filed with the *proper* agency." 5 U.S.C. § 7702(f) (emphasis added). So how does this provision apply where, as here, the complainant initiates an action before the wrong agency—timely according to the rules of that agency but untimely according to the rules of the proper agency? Because we understand that the savings clause measures timeliness with respect to the deadlines for filing with the *proper* agency, we affirm the district court's dismissal of the complaint.

## I.

In July 2008, Appellant Frederick Schlottman, a probationary employee serving as a legislative analyst at the Department of Labor (DOL), wrote a letter to his second-level supervisor alleging that his Division Chief, Priscilla Johnson, was "harassing him and creating a hostile work environment." Compl. ¶ 8. Two months later, Schlottman authored a report that criticized Johnson's performance. On January 15, 2009, Schlottman was fired for unsatisfactory performance, effective January 31, 2009.

Schlottman believes that DOL fired him in retaliation for his criticism of Johnson and discriminated against him on the basis of "age, disability, sex and 'EEO [Equal Employment Opportunity] whistleblower' reprisal." Appellant's Br. 6. A probationary employee like Schlottman has three avenues through which to pursue such claims. First, to challenge a termination based on discrimination or retaliation in violation of Title VII, 42 U.S.C. § 2000e-16, he may pursue an EEO claim with his employing agency. *See* 29 C.F.R. pt. 1614 (describing procedures for raising EEO claim) ("the EEO route"). Second, if he believes that his termination was also based on marital status or political affiliation, he may directly appeal his termination to the Merit Systems Protection Board (MSPB). *See* 5 C.F.R. § 315.806(b), (d) ("the MSPB route"). In pursuing a discrimination claim, however, he may not proceed down the EEO and MSPB routes simultaneously. Instead, whichever route he formally initiates first "shall be considered an election to proceed in that forum." 29 C.F.R. § 1614.302(b). Third, to challenge his termination under the Whistleblower Protection Act, Pub. L. No. 101-12, 103 Stat. 16 (1989) (codified in scattered sections of 5 U.S.C.) ("WPA"), the probationary employee must first file a complaint with the Office of Special Counsel (OSC) and may then appeal to the MSPB. *See* 5 U.S.C. §§ 1214(a)(3), 1221(b) ("the whistleblower route").

These administrative pathways impose different deadlines. Under the EEO route, the individual must file a formal Title VII complaint within fifteen days of being notified of his right to do so. *See* 29 C.F.R. § 1614.106(b). Under the MSPB route, he must file his direct appeal within thirty days of the effective date of termination. *See* 5 C.F.R. §

1201.154(a). Under the whistleblower route, he must first file a complaint with the OSC. *See* 5 U.S.C. § 1214(a)(3). If the OSC dismisses the complaint, the individual must file an appeal—known as an Individual Right of Action (IRA)—with the MSPB within 65 days of the OSC issuing its written notification of the dismissal. *See* 5 C.F.R. § 1209.5(a)(1).

As the timeline on the following page demonstrates, Schlottman's effort to navigate these Rube Goldberg-like procedures began on January 31, 2009 when he initiated the whistleblower route by filing a complaint with the OSC. Four days later, on February 4, Schlottman initiated the EEO route by contacting an EEO counselor at DOL. The OSC dismissed Schlottman's whistleblower complaint on April 6, citing his failure to allege a violation of the Whistleblower Protection Act. Then, on May 1, the EEO counselor notified Schlottman of his right to file a formal EEO complaint within fifteen days. Significantly for this case, however, Schlottman chose not to file a formal EEO complaint within this time period, opting instead to pursue the whistleblower route by filing an appeal with the MSPB on June 4. His appeal had two components: (1) a direct appeal alleging retaliation in violation of Title VII and discrimination based on marital status or political affiliation, and (2) an IRA. *See* 5 U.S.C. 1221(a) (providing for Individual Right of Action in whistleblower reprisal cases). Why Schlottman chose to raise his Title VII claim before the MSPB is unclear, especially since he tells us that his allegation of discrimination based on marital status or political affiliation (a prerequisite for filing with the MSPB) was "inadvertent[]." Appellant's Br. 8 n.1.

Figure 1: Timeline of Schlottman's Administrative Actions

| Options & Deadlines for Filing a Title VII Claim (Probationary Employees) | |
|---|---|
| EEO Route (if alleging Title VII discrimination) | File formal complaint directly with agency within 15 days of being notified of right—here, May 16, 2009 |
| MSPB Route (if alleging *both* marital/political + Title VII discrimination) | File direct appeal with MSPB within 30 days of effective date of termination—here March 2, 2009 |

| SCHLOTTMAN'S ADMINISTRATIVE ACTIONS | |
|---|---|
| Jan. 31, 2009 | Schlottman's term as probationary employee effectively terminated. He appealed termination using two routes. |

| EEO ROUTE | |
|---|---|
| Feb. 4, 2009 | Schlottman began informal EEO counseling with DOL, alleging discrimination on basis of sex, age, disability, and "EEO Whistleblower" reprisal |
| May 1, 2009 | Schlottman received notice of right to file formal EEO complaint within 15 days |
| Sept. 17, 2009 | Schlottman filed formal EEO complaint with DOL |
| Oct. 29, 2009 | Schlottman received DOL decision dismissing EEO complaint as untimely |
| Nov. 20, 2009 | Schlottman appealed dismissal to EEOC, which denied both the appeal and reconsideration. |

| WHISTLEBLOWER/MSPB ROUTE | |
|---|---|
| Jan. 31, 2009 | Schlottman filed whistleblower complaint with OSC |
| Apr. 6, 2009 | OSC dismissed complaint for failure to allege violation of WPA. Deadline for appeal: 65 days from date of notice. |
| June 4, 2009 | Schlottman appealed dismissal to MSPB in two parts: 1) direct appeal of marital/political and Title VII discrimination, 2) IRA of OSC's dismissal of whistleblower claim |
| Sept. 23, 2009 | MSPB dismissed IRA for lack of jurisdiction but did not address the direct appeal. MSPB advised Schlottman of two options for appeal, and he took neither. |

The MSPB dismissed Schlottman's IRA for lack of jurisdiction, made no mention of his direct Title VII appeal, and informed him that he could appeal the Board's decision in one of two ways. Pursuing neither option, Schlottman

returned to the EEO route, in which he had received his 15-day right-to-file notice on May 1. Well outside this timeframe, on September 17, Schlottman filed a formal EEO complaint with DOL. DOL dismissed the complaint as untimely, and Schlottman appealed to the EEOC, which denied the appeal and later denied Schlottman's motion for reconsideration.

Schlottman then filed a Title VII action in district court. Pursuant to Federal Rule of Civil Procedure 12(b)(6), the government moved to dismiss for failure to exhaust administrative remedies. Specifically, the government argued that Schlottman's "claims were not preserved by the savings clause because the appeal was not timely." *See Schlottman v. Solis*, 845 F. Supp. 2d 107, 110 (D.D.C. 2012). In response, Schlottman argued that his formal EEO complaint should be deemed timely pursuant to the savings clause set forth in 5 U.S.C. § 7702(f). Under that clause, which applies to "mixed cases" that involve adverse personnel actions appealable to the MSPB and that also include allegations of discrimination, if an "employee timely files the action, appeal, or petition with an agency other than the agency with which the action, appeal, or petition is to be filed, the employee shall be treated as having timely filed the action, appeal, or petition as of the date it is filed with the proper agency." 5 U.S.C. § 7702(f). According to Schlottman, the clause saved his claim because he filed a "mixed case appeal" with the MSPB on June 4, 2009, well within 65 days of the OSC's April 6 notice that it was dismissing his whistleblower complaint. *See* 5 C.F.R. § 1209.5(a)(1) (specifying deadline for appealing OSC dismissal). The district court granted the government's motion to dismiss, concluding both that Schlottman's whistleblower

complaint did not qualify as a "mixed case" complaint capable of triggering the savings clause*, see Schlottman*, 845 F. Supp. 2d at 111 n.6, and that, even if it did, "the savings provision does not apply because . . . neither [Schlottman's] appeal to the MSPB nor his appeal to the EEOC was timely filed," *id.* at 111.

Schlottman appeals. We review de novo a dismissal for failure to state a claim. *Jones v. Horne*, 634 F.3d 588, 595 (D.C. Cir. 2011).

## II.

The crux of Schlottman's argument is that even though he presented his Title VII claim in the wrong forum (the MSPB), because he did so along with a timely filed IRA as part of a "mixed case," his formal EEO complaint should be deemed timely with the correct forum (the DOL) pursuant to section 7702(f)'s savings clause. The government disagrees for three reasons. First, as a probationary employee, Schlottman "was not an employee for purposes of section 7702(f), and thus not entitled to file a mixed case appeal with the MSPB." Appellee's Br. 9. Second, "there can be no such thing as a 'mixed' Individual Right of Action that would bring section 7702(f) into play." *Id.* at 10. In other words, an allegation of discrimination together with a claim of whistleblower reprisal cannot constitute a "mixed case" under section 7702. *Id.* at 11. Finally, "even if section 7702(f) otherwise applied, Schlottman could not get relief because his direct discrimination-based appeal to the MSPB and his EEO complaint to DOL were untimely." *Id.* at 10.

We have no need to address the government's first two arguments because, assuming that Schlottman filed a proper "mixed case" appeal under section 7702, we, like the district court, conclude that Schlottman's appeal was untimely and therefore receives no protection from the savings clause. Of course, this conclusion is hardly obvious from the clause's ambiguous language. Although Congress enacted the savings clause to protect employees who, confused by the federal government's complex procedures, file in the wrong forum, it failed to define a key statutory term—"timely." For their part, the parties offer little help, as neither even attempts to define the term. Instead, they simply assume definitions that produce their preferred outcomes. In our view, their dispute boils down to the following question: Do we (as the government assumes) measure the timeliness of Schlottman's formal Title VII complaint with respect to the deadlines of the *proper* route, i.e., the EEO route, under which Schlottman formally filed his complaint, due May 16, on June 4? *See* Appellee's Br. 10–11. Or do we (as Schlottman assumes) measure the timeliness of the complaint against the deadlines of the *improper* route, i.e., the whistleblower route, under which Schlottman timely filed his IRA, to which he appended his Title VII claim as part of an alleged "mixed case"? *See* Appellant's Br. 22–23; 5 U.S.C. § 1214(a)(3)(A)(ii) (prescribing a 60-day deadline for appealing OSC dismissal).

This is not the first time this question has arisen. Indeed, every court and administrative agency to have considered the question has, though not expressly, applied the savings clause only when a filing was timely under the deadlines of the *proper* forum. Put another way, they have applied the savings clause to excuse errors only in the place, not time, of filing.

In *Whittington v. Merit Systems Protection Board*, 80 F.3d 471 (Fed. Cir. 1996), a former federal employee, alleging that her removal was racially motivated, erroneously filed a mixed case with the EEOC instead of with the MSPB, but did so within the MSPB's 20-day filing deadline. *Id.* at 472. Over a year after her removal, she filed an appeal with the MSPB, the proper forum for her claim, and the MSPB dismissed the appeal as untimely. *Id.* The Federal Circuit concluded that the MSPB erred by "failing to consider [the savings clause]," which would have saved the MSPB appeal as timely "if [the former employee] erroneously filed her appeal with EEOC *within the time limit for filing with the [MSPB]*." *Id.* at 474 (emphasis added).

In *Williams v. USPS*, 115 M.S.P.R. 318 (2010), the complainant faced a 30-day deadline for filing his discrimination claim with the MSPB. He instead filed his claim with the EEOC but within those thirty days. The MSPB found that because the complainant had adhered to the *MSPB*'s deadline, the savings clause preserved the discrimination claim, treating it as timely filed before the MSPB. *Id.* at 321–22. *See also Godesky v. Department of Health & Human Services*, 101 M.S.P.R. 280, 283 (2006) (treating as timely filed with MSPB a request filed with EEOC within MSPB deadline); *Brent v. Department of Justice*, 100 M.S.P.R. 586, 589–90 (2005), *aff'd*, 213 Fed. App'x 993 (Fed. Cir. 2007) (treating as timely filed with MSPB a request filed with FLRA within MSPB deadline).

A district court in this Circuit has also measured timeliness under the savings clause with respect to the

deadlines of the proper forum. In *Frank v. Ridge*, 310 F. Supp. 2d 4, 7 (D.D.C. 2004), *aff'd sub nom. Frank v. Chertoff*, 171 Fed. App'x 860 (D.C. Cir. 2005), a former federal employee actively pursuing a mixed MSPB appeal filed an EEO complaint alleging that his demotion was due to gender discrimination. The employing agency and the MSPB, to whom he later appealed, both declined to consider the gender-discrimination claim because the complainant had failed to raise it earlier in the MSPB process. *See id.* at 7. Quoting *Whittington*, the district court noted that the savings clause would preserve a plaintiff's MSPB appeal if he "erroneously filed [his] appeal with EEOC *within the time limit for filing with the [MSPB]*." *Id.* at 9 (internal quotation marks omitted) (emphasis added). The district court thus concluded that the complainant's discrimination claim was preserved before the MSPB. *See id.* at 10. We summarily affirmed in an unpublished judgment. *See Frank*, 171 Fed. App'x. at 861; *see also In re Grant,* 635 F.3d 1227, 1232 (D.C. Cir. 2011) (observing "persuasive authority" of unpublished orders).

Schlottman counters with two EEOC cases, *Knowles v. Peña*, EEOC Doc. 05930260, 1993 WL 1509932 (Aug. 12, 1993), and *Nuno v. Rumsfeld*, EEOC Doc. 04A60029, 2006 WL 1910448 (June 28, 2006), which he argues "preserve discrimination complaints when the employee filed an appeal which he was not permitted by law to file." Appellant's Reply Br. 19. But Schlottman's reliance on these decisions is misplaced because both apply the savings clause to "save" complaints that were filed improperly with the MSPB but within EEO deadlines. *See also Alop v. Brady*, EEOC Doc. 05890680, 1989 WL 1007232, at *3 (Oct. 2, 1989)

(concluding the same). Unlike the *Knowles* and *Nuno* complainants, who never initiated informal EEO counseling and instead pursued their discrimination claims solely—albeit incorrectly—with the MSPB, Schlottman consulted an EEO counselor, received his 15-day right-to-file notice, and then failed to file his formal Title VII claim in any forum within those fifteen days. *Knowles* and *Nuno* thus provide no support for Schlottman's argument that section 7702(f)'s savings clause preserved his untimely Title VII claim.

Under all of these cases, Schlottman could have saved his Title VII claim and pursued it through the EEO route only if he had abided by the deadlines of that route. As the government explains in an analogy drawn from *Whittington*, "if Schlottman, after receiving the right-to-file notice from the EEO counselor, had erroneously filed his formal EEO complaint with the MSPB within the 15 day-deadline prescribed by the notice, the complaint would have been considered timely filed with DOL." *See* Appellee's Br. 32. Instead, Schlottman first filed his formal Title VII claim with the MSPB on June 4, well after that 15-day deadline. His claim was thus untimely.

This result makes sense. Because Schlottman seeks to "save" his Title VII claim for the purpose of filing it according to the EEO route—the only avenue through which he could independently raise the claim—it seems logical to measure the timeliness of his claim according to that route's deadlines. Doing so, moreover, ensures that complainants using the same route play by the same rules. It also avoids the numerous pitfalls inherent in Schlottman's theory. For one thing, under Schlottman's view his "timely filed [IRA] would

allow him to save an untimely discrimination claim with the MSPB when a non-probationary employee in the same circumstance who did not allege a whistleblower claim would be barred from doing so." Appellee's Br. 30. Moreover, were we to interpret the savings clause as Schlottman urges—preserving claims that are timely with respect to the wrong forum—we would effectively allow, and perhaps even incent, complainants to seek out improper forums with more favorable deadlines in order to "save" untimely claims. For example, a probationary employee alleging neither marital nor political discrimination who could raise his Title VII claim only via the EEO route could "circumvent this jurisdictional limitation—and the EEO deadlines—by simply appending a discrimination claim to an [IRA]." *Id.* at 31. Finally, assuming it were otherwise possible, complainants would be free to "save" old discrimination claims simply by appending them to distinct, timely-filed non-discrimination claims as part of alleged "mixed cases."

In sum, because the savings clause excuses errors only in the place, not time, of filing, Schlottman's formal Title VII claim—filed well after the expiration of the EEO route's 15-day deadline—was untimely. Accordingly, we affirm.

*So ordered.*