# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| NICHOLAS ODPARLIK,<br>          Appellant, | DOCKET NUMBER<br>DA-0752-21-0128-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE,<br>          Agency. | DATE: June 25, 2024 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Koquise Edwards and Rosalinn Giang, Oklahoma City, Oklahoma, for the appellant.

Yvette K. Bradley, Esquire, Dallas, Texas, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal as untimely filed without good cause shown for the delay. For the reasons discussed below, we GRANT the appellant's petition for

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The appellant was employed as a Mail Processing Clerk with the U.S. Postal Service's Oklahoma City Processing and Distribution Center (P&DC). Initial Appeal File (IAF), Tab 1 at 1; Tab 6 at 48. On April 7, 2017, the agency proposed to remove the appellant from his position based on a violation of the agency's standards of conduct. IAF, Tab 6 at 70-73. On May 3, 2017, the agency issued a decision letter removing the appellant effective May 8, 2017. *Id.* at 65-68. The decision letter informed the appellant that he could challenge his removal through the following processes: (1) by filing an appeal with the Board, because he was an employee with veterans' preference rights; (2) by filing a grievance pursuant to the agency's negotiated grievance procedure; or (3) if the appellant believed the action was based in whole or in part on discrimination, by filing a discrimination complaint through the agency's equal employment opportunity (EEO) office, which would be processed pursuant to the agency's mixed-case complaint procedures. *Id.* at 66-68 (citing 29 C.F.R. §§ 1614.302-310). The appellant grieved the removal decision, and on February 27, 2018, an arbitrator issued an award denying the grievance, concluding that the agency had just cause to remove him. *Id.* at 49-64.

On December 1, 2020, the appellant filed the instant Board appeal challenging his removal.[2] IAF, Tab 1. Because it appeared that the appeal may be untimely, the administrative judge issued a timeliness order instructing the appellant to file evidence and argument demonstrating that his appeal was timely filed, or that good cause existed for the delay. IAF, Tab 3. The administrative

---

[2] As the administrative judge noted in the initial decision, the appellant's appeal was not received until January 11, 2021, but was postmark-dated December 1, 2020. IAF, Tab 7, Initial Decision (ID) at 1 n.1. Consequently, December 1, 2020, was correctly identified as the filing date of the appeal. ID at 1 n.1; *see* 5 C.F.R. § 1201.4(*l*).

judge ordered the appellant to submit his response within 10 calendar days of the date of the order, and ordered the agency to file any evidence and argument on the issue of timelines within 20 days of the date of the order.  *Id.* at 4.  Additionally, the order noted that the record on the issue of timeliness would close as of the date the agency's response was due.  *Id.*

The appellant did not respond to the timeliness order by the identified deadline, and on February 2, 2021, the agency filed a narrative response arguing that the appeal was untimely filed without good cause shown for the delay and should be dismissed, or alternatively, that the agency action was substantiated and the removal should be sustained.  IAF, Tab 6 at 4-8.  On February 10, 2021, the administrative judge issued an initial decision dismissing the appeal as untimely filed without good cause shown for the delay.  IAF, Tab 7, Initial Decision (ID) at 2, 5.  Specifically, the administrative judge concluded that the appellant's removal was effectuated on February 27, 2018, following the arbitrator's award concluding that the agency had just cause to remove the appellant, and so the appeal was due within 30 calendar days after that date.  ID at 3.  He further concluded that the appellant did not file his Board appeal until December 1, 2020, so the appeal was filed 978 days late.  ID at 3.  Regarding the issue of good cause for the appellant's untimeliness, the administrative judge determined that because the appellant failed to respond to the order on timeliness, he failed to show good cause for the untimely filing of his Board appeal.  ID at 4-5.

The appellant has filed a petition for review challenging the administrative judge's timeliness determination.  Petition for Review (PFR) File, Tab 1. The appellant asserts that he and both of his representatives never received the timeliness order and provides a sworn declaration with his petition for review attesting that he never received the timeliness order, as well as sworn declarations from both of his representatives attesting that they also never received the timeliness order.  *Id.* at 4-5, 76-78.  Further, he argues that he timely submitted a response to the agency's motion to dismiss the appeal as untimely filed on

February 11, 2021, and that the administrative judge erred by prematurely dismissing the appeal before his deadline to respond to the motion had elapsed. *Id.* at 5. He also provides a copy of his purported response to the agency's motion. *See id.* at 38-69. Additionally, the appellant asserts that because he is a preference-eligible veteran, the Board has jurisdiction over his appeal. *Id.* at 6. Finally, he argues that he was misled by the agency concerning his Board appeal rights and alleges that he first learned of his Board appeal rights on December 1, 2020, when his representative informed him of his right to challenge the agency action as a mixed-case appeal to the Board, so his appeal was timely filed within 30 days of learning of his Board appeal rights. *Id.* at 6-14.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The appellant has rebutted the presumption that he or his representatives received the timeliness order.</u>

The appellant argues that neither he nor his representatives ever received the timeliness order, and that although they received the acknowledgement order, that order did not contain any information regarding the timeliness of the appeal. PFR File, Tab 1 at 4-5. Consequently, the appellant argues that he was not aware of his obligation to establish the timeliness of his appeal.[3] *Id.*

The administrative judge mailed the timeliness order to the appellant and his representative at their identified addresses of record on January 13, 2021.[4] Tab 3 at 6; *see* IAF, Tab 1 at 5. The Board will presume that documents placed in the mail are received in 5 days. *Cabarloc v. Department of Veterans Affairs*, 110 M.S.P.R. 695, ¶ 7 (2009); *see Santos v. U.S. Postal Service*, 77 M.S.P.R.,

---

[3] It is undisputed that the appellant received the agency's narrative response and motion to dismiss the appeal as untimely. PFR File, Tab 1 at 5; IAF, Tab 6. However, the administrative judge dismissed the appeal before the time for responding to the motion had expired.

[4] At the time the timeliness order was issued, the appellant had only designated one representative. *See* IAF, Tab 1 at 5; Tab 3 at 6. After the timeliness order was issued but before the initial decision was issued, the appellant designated an additional representative. *See* IAF, Tabs 5, 8; ID at 1.

573, 577 (1998) ("When a certificate of service indicates that a copy of a document was mailed to the appellant's address of record, a presumption is raised that it was duly delivered to, and received by, the appellant."); 5 C.F.R. §§ 1201.22(b)(3), 1201.23. However, a party may rebut this presumption with a statement denying receipt and certifying to the truth of the party's statement. *See Carbaloc*, 110 M.S.P.R. 695, ¶¶ 7, 11 (finding that the appellant's statement on his appeal form as to the date of receipt of the agency's removal decision, coupled with supporting circumstantial evidence, was sufficient to rebut the presumption of receipt in the due course of the mail); *see also Woodall v. Federal Energy Regulatory Commission*, 30 M.S.P.R. 271, 273 (1986) (noting that a declaration subscribed as true under penalty of perjury, if uncontested, proves the facts it asserts).

Here, the sworn declarations provided by the appellant and both of his representatives, made under penalty of perjury, state that they did not receive the timeliness order at any time after its January 13, 2021 issuance. PFR File, Tab 1 at 76-78. In light of the lack of any contradictory evidence indicating that the appellant or his representatives did, in fact, receive the timeliness order, we find that the appellant has proven, through his sworn statement and those of his representatives, that he was not notified of the timeliness order and thus of his burden to establish the timeliness of his appeal until he received the initial decision dismissing the appeal as untimely filed.

We remand the appeal for the parties to develop the record regarding the issue of timeliness and of Board jurisdiction over the appeal.

Before an appeal can be dismissed on timeliness grounds, the appellant must receive notice of the specific timeliness issue presented by the circumstances of his case. *Farooq v. Corporation for National & Community Service*, 109 M.S.P.R. 73, ¶ 12 (2008). Because the administrative judge dismissed the appeal on timeliness grounds before the appellant was availed of the opportunity to address the timeliness issue, we must now consider the

evidence and argument addressing the timeliness of his appeal that the appellant included for the first time with his petition for review. *See Hamilton v. Merit Systems Protection Board*, 75 F.3d 639,642, 646-47 (Fed. Cir. 1996) (considering evidence related to timeliness that the appellant submitted for the first time on review when the initial decision was the first notice she had of the delivery presumptions on which the administrative judge relied in finding her appeal untimely).

An appeal of an agency action must generally be filed no later than 30 days after the effective date of the action being appealed, or 30 days after the date of the receipt of the agency's decision, whichever is later. *Miranne v. Department of the Navy*, 121 M.S.P.R. 235, ¶ 8 (2014); 5 C.F.R. § 1201.22(b). If an appellant fails to timely submit his appeal, it will be dismissed as untimely filed unless good reason for the delay is demonstrated. 5 C.F.R. § 1201.22(c). The appellant bears the burden of proof with regard to timeliness, which must be established by the preponderance of the evidence. *Perry v. Office of Personnel Management,* 111 M.S.P.R. 337, ¶ 5 (2009); 5 C.F.R. § 1201.56(b)(2)(i)(B).

The procedures and filing deadlines for mixed cases, however, are somewhat different. *Miranne*, 121 M.S.P.R. 235, ¶ 8. A mixed case arises when an appellant has been subject to an action that is appealable to the Board and he alleges that the action was effected, in whole or in part, because of discrimination. *Id.* An appellant has two options when filing a mixed case: he may initially file a mixed-case complaint with the agency, followed by an appeal to the Board, or he may file a mixed-case appeal with the Board and raise his discrimination claim in connection with his appeal. *Id.*; 29 C.F.R. § 1614.302(b), (d). An employee may file either a mixed-case complaint or a mixed-case appeal, but not both, and whichever is filed first is deemed to be the employee's election to proceed in that forum. *Miranne*, 121 M.S.P.R. 235, ¶ 8; 29 C.F.R. § 1614.302(b).

Based on the evidence the appellant provided with his petition for review, it appears that he initially filed a formal EEO complaint alleging that the agency discriminated against him on the bases of race, color, national origin, and sex when it subjected him to a hostile work environment by, among other things, issuing a decision letter upholding his removal on May 8, 2017, and his formal EEO complaint was accepted by the agency on July 17, 2017.[5] PFR File, Tab 1 at 80-84. Although the appellant initially requested a hearing before an EEOC administrative judge, he withdrew his hearing request on November 6, 2019, and the complaint was returned to the agency to issue a final agency decision (FAD) on the contested issues. *Id.* at 87-89. The agency subsequently issued a FAD on December 11, 2019, concluding that the appellant had failed to prove his discrimination-based claims. *Id.* at 91-119. The FAD explained that the appellant had the right to appeal the agency's decision to either the EEOC's Office of Field Operations (OFO) or as a civil action. *Id.* at 118-119. On January 12, 2020, the appellant appealed the FAD to the EEOC-OFO, and on October 21, 2020, the EEOC-OFO issued a decision affirming the FAD's finding of no discrimination. *Id.* at 120-21, 137-46.

What is unclear based on the existing record, however, is whether the appellant's July 17, 2017 formal EEO complaint was processed as a mixed-case complaint challenging his removal, or as a non-mixed claim of discrimination based on a hostile work environment. *See* PFR File, Tab 1 at 80-84. The U.S. Court of Appeals for the Federal Circuit (Federal Circuit) has held that when mixed-case provisions are implicated on the face of an appellant's Appeal Form, albeit ambiguously, the administrative judge should address the issue by asking both parties to submit evidence relevant to the timeliness of the appeal before dismissing it as untimely filed. *Montalvo v. U.S. Postal Service*, 91 M.S.P.R.

---

[5] Although the record is not fully developed on the issue, the agency has not disputed that the appellant timely initiated contact with the agency's EEO office prior to filing his formal EEO complaint, and the agency acknowledged that the appellant filed a formal complaint of discrimination in its timeliness pleading. *See* IAF, Tab 6 at 10.

671, ¶ 8 (citing *Whittington v. Merit Systems Protection Board*, 80 F.3d 471, 475 (Fed. Cir. 1996)). Attached to his initial appeal, the appellant provided what appears to be a copy of a declaration he submitted in connection with his EEOC appeal, in which he identifies that he was "improperly terminated on May 8, 2017," that the agency discriminated against him on the bases of his national origin, race, color, sex, and that he was "wrongfully discharge[d]." IAF, Tab 1 at 15. Although the administrative judge identified the attached declaration and its apparent connection to an EEOC case in the initial decision, he determined that the nature of that EEOC decision and its relevance to the instant appeal was not apparent from the record. ID at 5. Additionally, although the formal EEO complaint acceptance letter, the FAD, and the EEOC-OFO decision that the appellant provided with his petition for review all include references to the removal decision, none of the documents identify that the appellant's complaint had been processed under the agency's mixed-case complaint procedures, or state that the appellant may appeal the matter to the Board. PFR File, Tab 1 at 80-84, 91-119, 137-46.

Consequently, based on the existing record, we cannot discern whether the appellant's formal EEO complaint was processed under the agency's mixed-case complaint procedures, which could give rise to the appellant's entitlement to file a Board appeal of his mixed-case complaint. *See* 29 C.F.R. § 1614.302(a), (b), (d). Because the appellant's entitlement to a Board appeal of a mixed-case complaint, and the related issue of the timeliness of that Board appeal, ultimately turn on whether the appellant's EEO complaint was processed as a mixed-case complaint, we must remand the appeal to allow the parties to supplement the record on the timeliness and jurisdictional issues. Additionally, because the appellant had not received specific notice of the precise timeliness issue in his case at the time his appeal was dismissed, and he has not yet had a full and fair opportunity to litigate it, we decline to make any findings on the timeliness issue at this time. *See Wright v. Department of Transportation*, 99 M.S.P.R. 112, ¶ 13

(2005) (remanding an appeal for the administrative judge to give clear notice to an appellant of the precise timeliness issue involved in his appeal). Under these circumstances, we find it most appropriate to remand the appeal for the administrative judge to make these findings in the first instance after affording the parties an additional opportunity to file evidence and argument relevant to the specific issues of timeliness presented in this case.[6]

---

[6] We also note that there is a question concerning the appellant's preference-eligible status, and thus whether the Board has jurisdiction over his appeal. In order to have appeal rights before the Board, a Postal Service employee: (1) must be an excepted-service, preference-eligible employee, a management or supervisory employee or an employee engaged in personnel work in other than a purely nonconfidential clerical capacity; and (2) must have completed 1 year of current continuous service in the same or similar positions. 5 U.S.C. § 7511(a)(1)(B)(ii); 39 U.S.C. § 1005(a)(4)(A) (ii); *see Trabue v. U.S. Postal Service*, 102 M.S.P.R. 14, ¶ 5 (2006). The record contains conflicting information concerning whether the appellant was a preference-eligible Postal Service employee or otherwise met any of the criteria under 39 U.S.C. §1005(a)(4)(A). *See e.g.,* IAF, Tab 1 at 1 (initial appeal alleging entitlement to veterans' preference); Tab 6 at 48 (Postal Service (PS) 50 form identifying the appellant's veterans' preference status as "1," indicating no preference-eligibility), 50 (grievance arbitration decision indicating that the appellant was not a preference-eligible veteran based on his National Guard service), 66 (removal decision identifying appellant as "an employee with veteran preference rights"); ID at 2 n.3 (identifying the numerous apparent discrepancies regarding the appellant's preference-eligibility); PFR File, Tab 1 at 6 (asserting his entitlement to veterans' preference based on his prior active-duty military service), 53 (disciplinary request form identifying appellant's entitlement to veterans' preference), 58 (disciplinary request form identifying that the appellant was not entitled to veterans' preference), 80 (formal EEO complaint acceptance identifying appellant's allegation that management had revoked his veterans' preference status). Accordingly on remand, the administrative judge should also permit the parties to supplement the record regarding the appellant's preference-eligibility, and if necessary, address this jurisdictional issue. *See Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985) (recognizing that the Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation); *see also Barrand v. Department of Veterans Affairs*, 112 M.S.P.R. 210, ¶ 13 (2009) (explaining that an agency's erroneous notification of appeal rights cannot expand the Board's limited jurisdiction).

**ORDER**

For the reasons discussed above, we REMAND this case to the regional office for further adjudication in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD:        _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.